IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG STEVEN MACKENZIE,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action 3:15-CV-0752-D-BK |
| | § | |
| JULIAN CASTRO, Secretary of Housing<br>and Urban Development, *et al.*,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Judge's *Order of Reference*, Doc. 14, this cause is before the Court for a ruling on Defendant's *Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Doc. 11. For the reasons that follow, it is recommended that the motion be **GRANTED**.

## I. BACKGROUND

This case arises from a Fair Housing Act ("FHA") complaint filed over the redevelopment of a downtown Dallas skyscraper. In February 2010, 1600 Pacific Building L.P. ("1600 Pacific"), an entity in which Plaintiff is or was a partner, filed a complaint against the City of Dallas with the Department of Housing and Urban Development ("HUD"), generally alleging that 1600 Pacific's efforts to turn the LTV Tower into a large affordable housing project were thwarted by the City due to its "strong desire to segregate and concentrate assisted and affordable housing for low and moderate income occupants in the Southern half of the City." Doc. 3 at 12-13. In the FHA complaint, Plaintiff was identified as a representative of 1600 Pacific, but was not a named complainant. Doc. 12 at 4. After completing an investigation of the complaint, HUD issued a letter of findings on November 22, 2013, concluding that the City was not in compliance with Title VI of the Civil Rights Act of 1964, the Rehabilitation Act of

1973, and the Housing and Community Development Act of 1974.  Doc. 3 at 19.  Thereafter, HUD engaged in conciliation with the City regarding the FHA complaint.[1]  Doc. 12 at 4-5.

On February 27, 2014, Plaintiff unsuccessfully lobbied the Fort Worth Regional Office of Fair Housing and Equal Opportunity to be added as an "aggrieved party" to the original complaint.  Doc. 12 at 5.  Plaintiff was purportedly denied because of the elapsed time since the filing of the initial claim against the City.  Doc. 12 at 5.  Subsequently, HUD and the City signed a Voluntary Compliance Agreement on November 5, 2014, ending the agency's inquiry.  Doc. 3 at 48-57.

Plaintiff filed this *pro se* action on March 6, 2015, seeking judicial review of alleged FHA violations via the Administrative Procedure Act ("APA").  Doc. 3 at 1.  Quoting 42 U.S.C. § 3608(e)(5), Plaintiff argues that Defendants' actions "have resulted in a manifest failure to 'administer the programs and activities . . . in a manner affirmatively to further the policies of [the FHA]'" and violated Plaintiff's due process rights.  Doc. 3 at 1-2.  Plaintiff requests the Court (1) find Defendants' findings after November 22, 2013, arbitrary, capricious, and an abuse of discretion; (2) compel the agency to follow the FHA provisions violated; (3) compel the agency to review the City's most recent analysis of Impediments and Civil Rights certification; (4) suspend and discontinue the City's federal housing funds; and (5) award him costs of bringing this action.

---

[1]  In his declaration attached to the motion to dismiss, Garry Sweeney, regional director of the Fort Worth Regional Office of Fair Housing and Equal Opportunity, states that 1600 Pacific withdrew its complaint after conciliation attempts were unsuccessful but does not provide a date or any other evidence of withdrawal.  Doc. 12 at 4-5.  Plaintiff states that he never presented himself as a representative of 1600 Pacific, but as a "co-developer and co-owner of a to-be-formed entity called LTV Tower Redevelopment, L.P."  Doc. 23 at 12.

## II.  LEGAL STANDARD

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.  A Rule 12(b)(1) motion should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.  DISCUSSION

Defendants argue that Plaintiff's sole claim under § 3608(e)(5) should be dismissed because it is not reviewable under § 706(1) of the APA.  Doc. 11 at 6.  Defendants assert that § 706(1) of the APA only empowers courts to compel an agency to perform a non-discretionary act, and insist that Plaintiff's § 3608(e)(5) claim must be dismissed because it does not identify a discrete agency action that Defendants were required to take.  Doc. 11 at 8-9.  Plaintiff responds that § 3608(e)(5)'s mandates are clear and unambiguous, arguing that the FHA protects the rights of the broadest range of people.  Doc. 23 at 9-10.  Plaintiff contends that Defendants violated § 3608(e)(5) by failing to issue a charge against the City in light of Congress' statutory mandate to "affirmatively further" the FHA.  Doc. 23 at 10.  Plaintiff asserts that it would be "absurd" to conclude that Defendants have met their duty to administer programs and activities in

3

furtherance of FHA policies in the face of so many failures.  Doc. 23 at 11.  Defendants' position is well taken.

*Applicable Law*

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *St. Tammany Parish v. Fed. Emergency Mgmt. Agency,* 556 F.3d 307, 316 (5th Cir. 2009), *quoting Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 287 (1983).  The APA authorizes suits against the United States through a limited waiver of sovereign immunity by "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702.  However, the waiver does not apply to agency actions that are committed to agency discretion by law.  *St. Tammany Parish,* 556 F.3d at 317.  This exception to judicial review is "very narrow" and applies only "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Inclusive Cmty. Project, Inc. v. Dept. of Housing and Urban Dev.*, No. 3:07-cv-0945-O, 2009 WL 3122610 at *6 (N.D. Tex 2009) (O'Connor, J.).  Stated differently, judicial review is unavailable only "if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.* (citing *Heckler v. Chaney,* 470 U.S. 821, 830 (1985)).

When judicial review is available, a reviewing court is empowered to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  See *City of Abilene v. EPA*, 325 F.3d 657, 664 (5th Cir. 2003) (citing 5 U.S.C. § 706 (2)(a)).  "APA arbitrary and capricious review is narrow and deferential, requiring only that the agency 'articulate a rational relationship between the facts found and the choice made.'" *Id.*

4

*<u>Application</u>*

The Court lacks jurisdiction to hear Plaintiff's § 3608(e)(5) claim that Defendants actions did not further policies relating to housing and urban development. As discussed previously herein, the APA waiver does not apply to agency actions that are committed to agency discretion by law. *St. Tammany Parish*, 556 F.3d at 317; *See also Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004) (the APA "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act").

Congress has given HUD authority to administer the FHA, including authority to issue regulations interpreting the Act. *Inclusive Cmty. Project, Inc. v. Tex. Dept. of Housing and Cmty. Affairs*, 747 F.3d 275, 282 (5th Cir. 2014). Required as the agency may be to further the policies contemplated by Congress, § 3608(e)(5) contains no specific edit that Defendants engage in rulemaking, adjudication, licensing, impose sanctions, or accord relief. Rather, it is more of a broad statutory mandate, which the Supreme Court has cordoned off from judicial review. *Id*. at 66-67. Here, what Plaintiff alleges as Defendants' "numerous failures," Doc. 23 at 11, at best boil down to complaints about discretionary agency actions, thus, they cannot be challenged under § 3608(e)(5). Accordingly, Plaintiff's claim under 42 U.S.C. § 3608(e)(5) must be dismissed for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction*, [Doc. 11](#), be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 2, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE