IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CRAIG STEVEN MacKENZIE,          §
                                 §
                    Plaintiff,   §
                                 §   Civil Action No. 3:15-CV-0752-D
VS.                              §
                                 §
JULIAN CASTRO, SECRETARY,        §
U.S. HOUSING & URBAN             §
DEVELOPMENT, et al.,             §
                                 §
                    Defendants.  §

## ORDER

### I

In her November 2, 2015 findings, conclusions, and recommendation, the United States

Magistrate Judge recommends that defendants' May 15, 2015 motion to dismiss for lack of subject

matter jurisdiction be granted and that this action be dismissed with prejudice for lack of subject

matter jurisdiction.   In his November 4, 2015 objections to the magistrate judge's findings,

conclusions, and recommendation, plaintiff Craig Steven MacKenzie ("MacKenzie") agrees, in part,

to dismissal for lack of subject matter jurisdiction without prejudice,[1] he otherwise opposes

---

[1]In his objections, MacKenzie maintains that the magistrate judge made a "specious error" in recommending that dismissal be with prejudice. The court disagrees. Although it is generally true that a dismissal for lack of subject matter jurisdiction is without prejudice, the magistrate judge recommended that the case be dismissed for lack of subject matter jurisdiction based on sovereign immunity. As this court has explained:

> Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the [Federal Tort Claims Act].

dismissal, and he requests other relief, including leave to amend.

Because MacKenzie is proceeding *pro se*, he should be given one last, fair opportunity to plead his best case.[2]  Accordingly, the court grants MacKenzie's request for leave to amend.  He must file his amended complaint within 28 days of the date this order is filed.  Because the court is granting MacKenzie leave to amend, it declines at this time to adopt the November 2, 2015 findings, conclusions, and recommendation of the United States Magistrate Judge.  And because defendants' May 15, 2015 motion to dismiss for lack of subject matter jurisdiction is addressed to a complaint that will be superseded by MacKenzie's amended complaint, the motion is denied without prejudice as moot.

II

Because MacKenzie will be repleading, and discovery should not be conducted until he establishes, if he can, that this court has subject matter jurisdiction, the court enters the following rulings.

The court withdraws its October 15, 2015 order referring to the magistrate judge MacKenzie's October 13, 2015 motion requesting leave to conduct depositions by written questions

---

*Henry v. United States,* 2006 WL 3780878, at *5 n.2 (N.D. Tex. Dec. 26, 2006) (Fitzwater, J.) (quoting *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) (citation omitted), and citing *Bloomquist v. Brady,* 894 F. Supp. 108, 116 (W.D.N.Y. 1995) ("A dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States.")).  The magistrate did not err in recommending that a dismissal for lack of subject matter jurisdiction based on sovereign immunity be with prejudice.

[2]*See, e.g., Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted [the defendant's] motion to dismiss, it gave [the plaintiff] one more opportunity to plead his best case, because he was proceeding *pro se*.").

and defendants' October 15, 2015 motion for protective order.  Defendants' October 15, 2015 motion for protective order is granted.  Unless MacKenzie first moves for and obtains leave of court, he may not conduct any discovery until the court decides that it has subject matter jurisdiction. MacKenzie's October 13, 2015 motion requesting leave to conduct depositions by written questions is denied.

The court withdraws its October 20, 2015 order referring to the magistrate judge MacKenzie's October 16, 2015 motion requesting the court to strike defendants' motion for protective order.  MacKenzie's October 16, 2015 motion requesting the court to strike defendants' motion for protective order is denied.

The court withdraws its October 27, 2015 order referring to the magistrate judge MacKenzie's October 27, 2015 motion to compel defendants to produce documents and to answer requests for admission.  MacKenzie's October 27, 2015 motion to compel defendants to produce documents and to answer requests for admission is denied.

The court withdraws its November 10, 2015 order referring to the magistrate judge MacKenzie's November 9, 2015 motion to compel defendants to complete depositions by written questions.  MacKenzie's November 9, 2015 motion to compel defendants to complete depositions by written questions is denied.

The court withdraws its November 20, 2015 order referring to the magistrate judge MacKenzie's November 19, 2015 motion to compel defendants to comply with discovery obligations or to enter default judgment.  MacKenzie's November 19, 2015 motion to compel defendants to comply with discovery obligations or to enter default judgment is denied.

The court withdraws its December 4, 2015 order referring to the magistrate judge

defendants' December 3, 2015 second motion for protective order.  Given the ban on discovery imposed by today's order, defendants' December 3, 2015 second motion for protective order is denied without prejudice as moot.

The court also denies the following motions: MacKenzie's December 3, 2015 motion requesting the court to enter default judgment against defendants; MacKenzie's December 3, 2015 motion requesting the court to strike defendants' response to plaintiff's motion to compel depositions by written questions; and MacKenzie's December 4, 2015 motion requesting the court to strike defendants' second motion for protective order.

**SO ORDERED**.

December 16, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE