IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CRAIG STEVEN MacKENZIE, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:15-CV-0752-D |
| VS. | § |
| | § |
| JULIAN CASTRO, SECRETARY, | § |
| U.S. HOUSING & URBAN | § |
| DEVELOPMENT, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, defendants move under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiff's first amended complaint for lack of subject matter jurisdiction. Plaintiff Craig Steven MacKenzie ("MacKenzie") moves to strike portions of defendants' motion to dismiss and for leave to conduct discovery and to serve depositions by written questions. For the reasons that follow, the court denies the motions.

I

In 2010 an entity named 1600 Pacific Building, LP ("1600 Pacific") filed a housing discrimination complaint ("HUD Complaint")[1] with defendant U.S. Department of Housing and Urban Development ("HUD"). The HUD Complaint alleged that the City of Dallas (the

---

[1] MacKenzie alleges that he participated in, and contributed to, the preparation of the HUD Complaint.

"City") had thwarted 1600 Pacific's efforts to redevelop the 1964 LTV Tower Office Building ("LTV Tower") into a large affordable housing project.[2] After completing an investigation of the HUD Complaint, HUD issued a "Letter of Findings of Non-Compliance" ("Non-Compliance Letter"), in which it concluded that the City was not in compliance with Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and § 109 of the Housing and Community Redevelopment Act of 1974 ("HCRA"), 42 U.S.C. § 5309.[3] Thereafter, HUD and the City engaged in "bilateral [c]onciliation," Am. Compl. ¶ 9, which resulted in a "Voluntary Compliance Agreement" ("VCA"). MacKenzie did not participate in the bilateral conciliation and was not a signatory to the VCA.

In 2015 MacKenzie filed the instant lawsuit against HUD,[4] alleging that its actions

---

[2]In deciding this Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to plaintiff, accepts all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[3]MacKenzie alleges that violations of the non-discrimination provisions of Title VI, the Rehabilitation Act, and the HCRA concerning the City's alleged discriminatory housing practices are also violations of the FHA.

[4]Although MacKenzie names Julian Castro and Shaun Donovan as defendants, the court assumes that MacKenzie intended to assert his claims against these defendants in their official capacity as Secretary or former Secretary of HUD, respectively. It is clearly established that a suit against a government official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . treated

"resulted in a manifest failure to 'administer the programs and activities . . . in a manner affirmatively to further the policies of [the FHA],'" in violation of 42 U.S.C. § 3608(e)(5), and deprived him of his constitutional due process rights. Compl. ¶ 1. HUD moved to dismiss MacKenzie's complaint on the basis that his sole claim under § 3608(e)(5) was not reviewable under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. The court referred the motion to the magistrate judge, who recommended that the court dismiss MacKenzie's complaint because he alleged only discretionary agency action and the APA's waiver of sovereign immunity does not apply to agency action committed to agency discretion by law. MacKenzie objected to the magistrate judge's findings, conclusions, and recommendation and requested leave to amend his complaint. The court declined to adopt the magistrate judge's findings, conclusions, and recommendation and granted MacKenzie leave to amend, holding that "[b]ecause MacKenzie is proceeding *pro se*, he should be given one last, fair opportunity to plead his best case." Dec. 16, 2015 Order at 2. MacKenzie then filed his first amended complaint.

In his first amended complaint, MacKenzie again brings claims under the APA, but this time he alleges that HUD violated various *non-discretionary* provisions of the FHA in the process of negotiating and entering into the VCA with the City,[5] and that HUD's conduct

---

as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, the court will treat MacKenzie's suit as having been brought only against HUD.

[5]MacKenzie alleges that HUD violated the FHA by (1) failing to either issue a charge or dismiss the complaint when it issued the Non-Compliance Letter, in violation of 42 U.S.C. §§ 3610(g)(2)(A) and (g)(3); (2) failing to include information on how to make an election

deprived him of his constitutional due process rights. HUD moves under Rule 12(b)(1) to dismiss MacKenzie's first amended complaint for lack of subject matter jurisdiction. MacKenzie opposes the motion.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.,*

---

of judicial determination under 42 U.S.C. § 3612(a) in its Non-Compliance Letter, in violation of 42 U.S.C. § 3610(h); encouraging, entertaining, and responding to the City's appeal of the findings in the Non-Compliance Letter, even though the FHA does not permit an appeal process; engaging in bilateral conciliation with the City *after* it issued the Non-Compliance Letter, in violation of 42 U.S.C. § 3610(b)(1); excluding MacKenzie, an "aggrieved person," from its bilateral conciliation with the City, in violation of 42 U.S.C. § 3602(l); encouraging the City to refuse to conciliate, in violation of 42 U.S.C. § 3617; entering into the VCA *after* it issued the Non-Compliance Letter, in violation of 42 U.S.C. § 3610(b)(1); entering into the VCA when the Secretary of HUD was not the complainant, in violation of 42 U.S.C. §§ 3602(j), 3610(a)(1)(A)(i), and 3610(b)(2); excluding MacKenzie, an "aggrieved person," from the VCA, in violation of 42 U.S.C. § 3610(b)(2); failing to acknowledge MacKenzie as an aggrieved person—by failing to respond to MacKenzie, ignoring his appeals to intervene, failing to amend the HUD Complaint to list MacKenzie as an Aggrieved Person, denying MacKenzie's participation in conciliation, and failing to obtain MacKenzie's consent to the VCA—depriving him of the rights afforded to him by Congress in the FHA; and failing to refer the City's discriminatory housing practices to the Attorney General of the United States, in violation of 42 U.S.C. §§ 3610(e)(2), 3614(a), and 3614(b).

*Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party files a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id*. The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523). If, however, the defendant supports the motion with affidavits, testimony, or other evidentiary materials, then the attack is "factual" and the burden shifts to the plaintiff to prove subject matter jurisdiction by a preponderance of the evidence. *Id*.

### III

HUD moves under Rule 12(b)(1) to dismiss MacKenzie's claims brought under the APA for lack of subject matter jurisdiction.

### A

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Under the APA, federal courts may "compel agency action unlawfully withheld or unreasonably delayed" and may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(1) & (2). "Failures to act are sometimes remediable under the APA, but not always." *Norton v. S. Utah Wilderness*

*Alliance*, 542 U.S. 55, 61 (2004). For a federal district court to take action pursuant to 5 U.S.C. § 706(1), the plaintiff must assert "that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 64.

Despite the APA's broad waiver of sovereign immunity in 5 U.S.C. § 702, federal courts have no jurisdiction under the APA to review "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). This exception to judicial review is "very narrow" and applies only "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Ellison v. Connor*, 153 F.3d 247, 251 (5th Cir. 1998) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)); *see also Suntex Dairy v. Block*, 666 F.2d 158, 163 (5th Cir. 1982). Stated differently, judicial review is unavailable only "if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

B

HUD moves to dismiss MacKenzie's amended complaint largely on the same grounds that it relied on to support its first motion to dismiss. It contends that HUD's actions in investigating the HUD Complaint and entering into the VCA were discretionary actions that MacKenzie cannot challenge, and that MacKenzie's allegation that HUD violated § 3608(e)(5) by not pursuing certain enforcement actions against the City is unreviewable under § 706(1) of the APA because MacKenzie has failed to allege discrete agency action that HUD was required to, but did not, take. Regarding MacKenzie's allegations that HUD

-6-

violated certain enumerated mandatory provisions of the FHA, HUD contends that MacKenzie's citation to these statutes is "mistaken[.]"  D. Br. 9.  It contends that the FHA provisions on which MacKenzie relies are triggered by the issuance of a formal FHA "charge," and that, in this case, no formal charge was ever issued.  Instead,

> a complaint was filed, there was an investigation, a [Non-Compliance Letter] was issued and efforts to conciliate the complaint between [1600 Pacific] and [the City] were attempted.  [1600 Pacific] ultimately withdrew their complaint on September 29, 2014.  From this point no formal charge stemming from the complaint could be issued because the complaint was null and void.

D. Br. 11.

MacKenzie responds that he has not brought a claim for a violation of 42 U.S.C. § 3608(e)(5), but complains instead only about HUD's actions that are *not* committed to agency discretion by law; that HUD concedes that Congress waived the government's sovereign immunity in the APA; that HUD is only vested with non-discretionary investigative and enforcement duties under the FHA and is *required* to issue a charge if an investigation indicates there is reasonable cause to believe that an unlawful discriminatory housing practice has occurred; that HUD's merits-based arguments are improper under Rule 12(g)(2) but that, in any event, the Non-Compliance Letter is the same as a formal FHA charge, and when HUD issued the Non-Compliance Letter, it was required to—but did not—comply with the non-discretionary provisions of the FHA as alleged in the first amended complaint; that HUD filed and investigated the HUD Complaint under the FHA but failed to exercise its discrete enforcement powers and did not observe procedure required by

law; and that MacKenzie, a co-developer and co-owner of a to-be-formed entity called LTV Tower Redevelopment, LP is an "aggrieved person" under the FHA.

In reply, HUD contends that the absence of a specific reference to § 3608(e)(5) does not mean that MacKenzie's complaint "is no longer about that statute," Reply 2; that although the APA allows for judicial review of agency action, it precludes review when agency actions are committed to agency discretion by law, as they are in the present case; that HUD's obligation to charge or dismiss under § 3610 no longer existed after the complainant (1600 Pacific) withdrew the HUD Complaint; that Rule 12(g)(2) does not prevent the filing of a motion to dismiss in response to an amended complaint, as HUD did in this case; that it is unclear what mandatory requirement MacKenzie claims that HUD violated that would entitle him to relief; and that HUD was not required to name MacKenzie as an aggrieved person because he was never a named complainant, did not file a separate action, and never claimed a personal interest in the property until after the one-year deadline. HUD also contends that it never made any finding of noncompliance *under the FHA* and that

> [b]ecause HUD never made a determination that reasonable cause existed to believe that a discriminatory housing practice, as defined by the [FHA], had occurred or was about to occur, and because the complainant [1600 Pacific] withdrew its complaint, there are no facts alleged that would have triggered any non-discretionary obligations of the [FHA].

D. Final Reply at 6.

C

The court denies as moot HUD's motion to dismiss MacKenzie's § 3608(e)(5) claim.[6] The amended complaint no longer cites § 3608(e)(5), does not include any of the language used in § 3608(e)(5), and specifically alleges that MacKenzie "complains only about [HUD's] actions that are not committed to [HUD's] discretion by law." Am. Compl. at 2. Moreover, MacKenzie posits in response to HUD's motion that "the Amended Complaint [does not] include any allegations that Defendants violated the statutory provision at 42 U.S.C. § 3608(e)(5)." P. Br. 5. Because MacKenzie appears to have relinquished his claim under 42 U.S.C. § 3608(e)(5), the court denies HUD's motion to dismiss this claim as moot.

D

To the extent HUD challenges MacKenzie's ability to plead a plausible claim under the specific FHA provisions cited in the amended complaint, HUD has not properly moved to dismiss MacKenzie's claim brought under those provisions. HUD's motion to dismiss is filed only under Rule 12(b)(1) and seeks dismissal of the amended complaint for lack of subject matter jurisdiction. Although HUD correctly states that this court does not have jurisdiction under the APA to review claims based on agency actions committed by law to agency discretion, HUD does not contend that any of the specific FHA provisions on which MacKenzie relies—i.e., §§ 3610(g)(2)(A), 3610(g)(3), 3610(h), 3610(b)(1), 3602(l), 3617,

---

[6] 42 U.S.C. § 3608(e)(5) requires the Secretary of HUD to "administer the programs and activities relating to housing and urban development in a manner affirmatively to further the policies of [the FHA]."

3602(j), 3610(a)(1)(A)(i), 3610(b)(2), 3610(e)(2), 3614(a), and 3614(b)—*are* discretionary. Absent a basis to challenge the court's subject matter jurisdiction under Rule 12(b)(1), HUD's arguments that focus on MacKenzie's inability to plausibly allege violations of any of the enumerated FHA provisions should be raised by Rule 12(b)(6) or Rule 12(c) motion. Accordingly, without suggesting a view on the merits of MacKenzie's claims brought under the APA, the court denies HUD's motion to dismiss these claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

Because the court is denying HUD's motion, it denies as moot MacKenzie's motion requesting the court to strike portions of defendants' motion to dismiss.

IV

MacKenzie also moves the court for leave to conduct discovery and to serve depositions by written questions. HUD has not responded to the motion.

Although it is not entirely clear from MacKenzie's motion why he seeks this relief, it appears from the numbers (i.e., 11-20) he has assigned to the prospective deponents that he is seeking this relief in order to take more than ten depositions. *See* Fed. R. Civ. P. 31(a)(2)(A)(i) (requiring leave of court if deposition would result in more than ten depositions being taken under, *inter alia*, Rule 31). But a party who seeks to take more than ten depositions must "show the necessity of all the depositions [he] took in reaching the prescribed limit." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (Fitzwater, J.). In other words, MacKenzie must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity

of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10). Because he has not, the court denies his motion.

* * *

HUD's Rule 12(b)(1) motion to dismiss MacKenzie's amended complaint is denied. MacKenzie's motion requesting the court to strike portions of defendants' motion to dismiss is denied as moot, and his motion requesting the court to grant leave for plaintiff to conduct discovery and to serve depositions by written questions is denied

**SO ORDERED**.

July 19, 2016.

                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE